IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERESA LAWLOR and LOUIS LAWLOR, | ) |
| Plaintiffs, | ) No. 3:13-cv-00387 |
| | ) Chief Judge Haynes |
| v. | ) |
| SUNTRUST MORTGAGE, INC., | ) |
| Defendant. | ) |

**MEMORANDUM**

Plaintiffs, Teresa Lawlor and Louis Lawlor, Tennessee citizens, originally filed this action in the Chancery Court for Davidson County, Tennessee, against Defendant, SunTrust Mortgage, a Virginia corporation organized and existing under the laws of Virginia, with its principal offices in Richmond, Virginia. Plaintiffs assert claims for breach of contract; intentional misrepresentation; negligent misrepresentation; failure to give adequate notice; violation of Tennessee's Consumer Protection Act ("TCPA") Tenn. Code Ann. §47-18-104(b)(27); and failure to remit proceeds of sale. Defendant removed this action to this Court under 28 U.S.C. §1332, the federal diversity statute, without objection.

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 6), contending that Plaintiffs' amended complaint should be dismissed under the doctrine of res judicata . First, the Defendant contends that in a state court action in the Davidson County General Sessions Court the Secretary of Housing and Urban Development ("HUD") foreclosed the Plaintiffs' property and the Defendant was in privity HUD. Second. Defendant contends that HUD was awarded a final judgment of possession and Plaintiffs did not appeal that judgment. Thus, the Defendant argues that this action is a collateral attack on that state court judgment that is barred by the res judicata doctrine

because all of Plaintiffs' allegations relate to the foreclosure and the validity of title. Each such claim is considered the same "cause of action" for res judicata purposes. Defendant also asserts that Plaintiffs' TCPA claim should be dismissed as the TCPA does not apply to foreclosure disputes.

In their response (Docket Entry No. 8), Plaintiffs assert, in essence: (1), that their claims are not precluded by res judicata because the General Sessions Court lacked jurisdiction to decide the foreclosure; (2) that Defendant fails to show that HUD was in privity with the Defendant; (3) that the General Sessions judgment was against only one Plaintiff, not both; and (4) that the judgment in the General Sessions Court was not a final judgment on the merits. Plaintiff concedes that the TCPA does not apply to foreclosure disputes.

For the reasons set forth below, the Court concludes that Plaintiffs claims are barred by res judicata and the TCPA does not provide a private right of action. Therefore, the Court should grant Defendant's motion to dismiss except for Plaintiffs' claims that the Defendant did not credit all of their payments, a claim that is not covered by the res judicata doctrine under Tennessee law.

## I. ANALYSIS OF THE AMENDED COMPLAINT

On or about August 28, 2008, Plaintiffs executed a deed of trust granting the Defendant a secured lien in the amount of $96,187.00 on the Plaintiffs' real property located at 117 Ray Avenue, Old Hickory, Davidson County, Tennessee 37138. (Docket Entry No. 5, Amended Complaint, at ¶ 7). Plaintiffs failed to make February and March 2012 mortgage payments. Id. at ¶ 10. In April 2012, Plaintiffs tendered $2,554.38 to an agent at one of Defendant's bank branches who assured them that this payment would make their mortgage current. Id. at ¶ 11. Plaintiffs failed to make timely mortgage payments from May to July 2012. Id. at ¶ 12.

On or about July 19, 2012, Plaintiff received a notice from a law firm advising of foreclosure

of Plaintiff's residence. Id. at ¶ 13. The notice did not contain a date, time or place of the sale. Id. On or about July 27, 2012, Plaintiffs tendered $3,520.52 to an agent at one of Defendant's bank branches after the agent informed them as to the amount needed to render their mortgage current and stop the pending foreclosure. Id. at ¶ 14. Plaintiffs allege they did not receive further notice or information regarding foreclosure. Id. at ¶¶ 15, 17. On October 4, 2012, the property sold at foreclosure to Defendant in the amount of $97,512.06, and Defendant conveyed the property to HUD. Id. at ¶¶ 21, 30; Docket Entry No. 6, attachment thereto, Exhibit C.

On or about October 23, 2012, Plaintiffs inquired about the amount due on their current monthly payment from the Defendant's agent at one of Defendant's bank branches. Id. at ¶ 18. Plaintiffs also tendered $825.64 to that agent. Id. On November 9, 2012, HUD filed a detainer action in the General Sessions Court of Davidson County. Id. at ¶ 19. On December 12, 2012, Plaintiffs tendered $4,000 to a Defendant's agent at a local branch to bring the loan current and stave off the foreclosure. Id. at ¶ 22. On December 14, 2012, the Davidson County General Session Court granted HUD possession of Plaintiffs' property. Id. at ¶ 23. In January and February 2013, Plaintiffs made payments of $800 towards their mortgage. Id. at ¶¶ 24-25.

In their Amended Complaint, Plaintiffs allege that the Defendant filed the detainer warrant and the General Sessions Court granted the Defendant. possession of Plaintiffs' property. (Docket Entry No. 5 at ¶¶ 19,23). Based upon the filings in this action, the Defendant conveyed the property to the Secretary of Housing and Urban Development after the foreclosure. (Docket Entry No. 6, Exhibit C), but the Secretary of Housing and Urban Development filed the detainer warrant and the General Sessions Court granted possession of the property to the Secretary Id. at Exhibit D.

## II. CONCLUSIONS OF LAW

"[A] civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Com'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). However, the Court "'need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. (citations and quotation marks omitted).

In Ashcroft v. Iqbal, the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. Rule Civ. Proc. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "makes assertion[s]" devoid of "further factual enhancement." Id. at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with"

a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 555. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d. Cir. 2007). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not "show[n]", "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

556 U.S. at 677-79.

As the Sixth Circuit stated, "[a] motion under Rule 12(b)(6) is directed solely to a complaint itself . . .." Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971); see also Passa v. City of Columbus, 123 Fed.Appx. 694, 698 (6th Cir. Ohio 2005). Yet, in evaluating a plaintiff's complaint, under Fed. Rule Civ. Proc. 10(c), any matters attached to the pleadings are considered part of the pleadings as are documents that a defendant attaches to a motion to dismiss that are referred to in the complaint and "central" to the claim. Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

State law determines the preclusive effect given to a prior state court judgment. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 384 (1985). Thus, federal courts "must

5

give the same preclusive effect, under the doctrine of res judicata and collateral estoppel, to state court judgments that those judgments would receive in courts of the rendering state." Ingram v. City of Columbus, 185 F.3d 579, 593 (6th Cir. 1999). "[I]f an individual is precluded from litigating a suit in a state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court." Gutierrez v. Lynch, 826 F.2d 1534, 1537 (6th Cir. 1987) (footnote omitted). Accordingly, the Court shall apply Tennessee law because the Davidson County General Sessions Court rendered the prior judgment.

Under Tennessee state law, res judicata bars a second action between the same parties on the same claims that were or could have been litigated in the former action. Creech v. Addington, et al., 281 S.W.3d 363, 376 (Tenn. 2009); "[A] party's failure to raise an issue or theory does not preserve that issue or theory as a ground for a subsequent lawsuit." Brown v. Shappley, 290 S.W.3d 197, 200-01 (Tenn. Ct. App. 2008) (citing Barnett v. Milan Seating Sys., 215 S.W.3d 828, 835 (Tenn. 2007)) "[R]es judicata is not based upon any presumption that the final judgment was right or just. Rather, it is justifiable on the broad grounds of public policy which requires an eventual end to litigation." Moulton v. Ford Motor Co., 533 S.W.2d 295, 296 (Tenn. 1976). For the res judicata doctrine to apply, the prior judgment must be final and conclude the rights of the parties on the merits. Richardson v. Tenn. Bd. of Dentistry, 913 S.W.2d 446, 459 (Tenn. 1995).

In Tennessee, to be successful, a party asserting res judicata must demonstrate: (1) that a court of competent jurisdiction rendered a prior judgment; (2) that the prior judgment was final and on the merits; (3) that the same parties or their privies were involved in both proceedings; and (4) that both proceedings involved the same cause of action. Hooker v. Haslam, 393 S.W.3d 156, 165 n.6 (Tenn. 2012)(citing Lee v. Hall, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)).

By state statute, the General Sessions Court possesses the authority to decide the merits of a detainer warrant. See Tenn. Code Ann. § 29-18-107. Although the General Sessions Court for Davidson County lacks jurisdiction to decide questions of title, Tenn. Code Ann. § 29-18-119(c), wrongful or fraudulent foreclosure may be raised as an affirmative defense to an unlawful detainer action. Davis v. Williams, No. E2010-01139-COA-R3-CV, 2011 WL 335069, at *3 (Tenn. Ct. App. Jan. 31, 2011). In Davis, although the plaintiff did not assert fraud in the foreclosure process as a defense in an unlawful detainer action, the Court noted that the General Sessions Court determined that such fraud did not exist. Davis, 2011 WL 335069 at *4. The Tennessee Court of Appeals stated, "'In failing to raise these matters [concerning fraud in the foreclosure] which could have been litigated and decided as an incident to or essentially connected with the subject matter of the prior litigation, [the Buyers] forfeited [their] opportunity to assert [fraud] under the doctrine of res judicata.'" Id. at *4 (quoting Gerber v. Holcomb, 219 S.W.3d 914, 918 (Tenn. Ct. App. 2006)) (alterations in original). Thus, the Court concludes that the General Sessions Court was court of competent jurisdiction rendered the prior judgment and to decide Plaintiffs' challenges to the foreclosure.

The General Sessions Court's judgment awarding HUD possession establishes the lawfulness of the foreclosure. A judgment is final if it "'resolves all the issues in the case, leaving nothing else for the trial court to do.'" In re Estate of Ridley, 270 S.W.3d 37, 40 (Tenn. 2008) (quoting In re Estate of Henderson, 121 S.W.3d 643, 645 (Tenn. 2003)) (citation and internal quotation marks omitted). Plaintiffs assert that because the prior judgment was by "Agreement of Parties," the judgment was not final and on the merits. Yet, "'[g]enerally, a consent judgment operates as res adjudicata to the same extent as a judgment on the merits.'" Gerber v. Holcomb, 219 S.W.3d at 917

7

(quoting Horne v. Woolever, 163 N.E.2d 378, 382 (Ohio 1959)). Further,

> It is inconsequential that the first action was settled by a consent judgment rather than a trial on the merits since it is well settled that "[a] judgment by consent in an action in which the court had jurisdiction of the subject-matter and of the parties is res adjudicata, and conclusive between the parties and those deriving under them, and will bind them and those claiming under them as efficaciously as if it had been entered after a trial of the issues."

Id. at 918 (quoting Moore v. Schneider, 196 Cal. 380, 238 P. 81, 84 (1925)). Accordingly, the Court concludes that the judgment entered by the General Sessions Court was final and on the merits.

As to whether the same parties or privies were involved in both proceedings, "[p]rivity within the meaning of the doctrine of res judicata is privity as it exists in relation to the subject matter of the litigation." Harris v. St. Mary's Med. Ctr. Inc., 726 S.W.2d 902, 905 (Tenn. 1987). Moreover, "shared interest in the subject matter of the General Sessions proceeding is enough to establish 'privity' for purposes of res judicata." Stewart v. Deutsche Nat'l Trust Co., No. 3:08-cv-475, 2010 WL 4004670, at *6 (E.D. Tenn. Oct. 12 2010). In executing the detainer warrant, HUD relied upon the validity of the foreclosure and Defendant's right to possession of the property. Thus, the Court concludes that this mutuality of interest in the validity of the foreclosure establishes privity between HUD and Defendant for res judicata purposes.

The Tennessee Supreme Court adopts the "transactional approach," quoting the Restatement (Second) of Judgments, for determining whether two proceedings constitute the same cause of action:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim ..., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. Restatement (Second) of Judgments § 24(1).

8

> Under the Restatement standard, "the concept of a transaction is ... used in the broad sense," and "connotes a natural grouping or common nucleus of operative facts." Id. at § 24 cmt. b.

Creech v. Addington, 281 S.W.3d 363, 379-80 (Tenn. 2009) (footnote omitted). Applying this approach, the district court in Stewart concluded that the majority of the Plaintiff's claims in a foreclosure dispute, including misrepresentation and negligence, were part of the same series of connected transactions as the previous unlawful detainer action. 2010 WL 4004670, at * 7 The later claims, brought in federal court, were "nothing more than an attempt to relitigate issues that have already been decided, namely, the lawfulness of the foreclosure." Id.

Here, the majority of Plaintiffs' claims against Defendant arise from the same acts and incidents as the prior General Sessions Court action. Wrongful foreclosure is available as an affirmative defense in an unlawful detainer action, but the Plaintiffs did not assert any affirmative defenses in the detainer action or appeal the detainer warrant. Therefore, the judgment in the detainer action was final and bars any action related to the unlawfulness of the foreclosure. Plaintiff's could have addressed the alleged lack of notice during the unlawful detainer action, but failed to do so and are, thus, prohibited from relitigating that issue. The relief Plaintiffs seek, including a temporary restraining order to preclude Defendant from enforcing the detainer order and for rescission of the foreclosure, reflects that Plaintiff are attempting to relitigate the validity of the HUD foreclosure.

Plaintiffs also allege that Defendants did not credit them for certain payments that Plaintiffs paid to the Defendant. Similarly, in Davis, the plaintiffs argued the amount owed on the note and deed of trust were incorrect because those plaintiffs were not given credit for certain payments. Davis, 2011 WL 335069 at *1. The Tennessee Court of Appeals affirmed the General Sessions

Court's granting of the defendant's motion for summary judgment based upon the General Sessions Court's finding that all of the plaintiffs' claims were barred under res judicata and collateral estoppel. Id. at * 1, 2, and 4.

Accordingly, the Court concludes that res judicata bars Plaintiffs' claims for breach of contract, intentional misrepresentation, negligent misrepresentation, and failure to give adequate notice because the unlawfulness of the foreclosure sale is the basis for these claims. Plaintiffs concede that their claim under Tenn. Code Ann. § 47-18-104(b)(27) of the TCPA should be dismissed because only the Tennessee Attorney General may enforce this subsection. Accordingly, Plaintiff's TCPA claim should be dismissed.

Plaintiffs' claim for failure to remit proceeds of sale is not related to the unlawfulness of the foreclosure. Accordingly, the doctrine of res judicata does not bar this claim as it does not involve issues that were or could have been litigated in the prior action.

### III. CONCLUSION

For these reasons, the Court concludes that Defendants' motion to dismiss (Docket Entry No. 6) should be granted in part and denied in part.

An appropriate Order is filed herewith.

ENTERED this 15th day of August, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court